FINKELSTEIN v. LONG ISLAND R. CO.

(Supreme Court, Appellate Term.   December 8, 1910.)

CARRIERS (§ 134*)—LOSS OF GOODS—PARTIES LIABLE—SUFFICIENCY OF EVIDENCE.

In an action against the L. Railroad Company, "doing business as the L. Express," for loss of goods, where it was not shown that the railroad company received the goods or that it was doing business as the "L. Express," the complaint should have been dismissed at the close of plaintiff's case; the words "doing business as the L. Express" being merely descriptive.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 134.*]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Abraham Finkelstein against the Long Island Railroad Company, doing business as the "Long Island Express." Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued before GUY, PLATZEK, and GAVEGAN, JJ.

Joseph F. Keany (Edward Kelly, of counsel), for appellant.
Goldstein & Goldstein, for respondent.

GAVEGAN, J.   The action was brought to recover the sum of $45 damages alleged to have been sustained by reason of the defendant's breach of contract in failing to deliver certain goods.   The summons

was issued against the "Long Island Railroad Company, doing business as the Long Island Express." The pleadings were oral.

The process server swears that he served the summons upon "John Heft, the secretary of the defendant." Upon the return day the record shows that the "defendant" appeared and answered. Upon the trial the plaintiff proved that he delivered some goods to the "Long Island Express," and got a receipt therefor from that company. The goods consisted of crockery, and were shipped to Rockaway, N. Y. One case was delivered, and the other case was returned to the plaintiff six weeks later in a damaged condition.

Nothing whatever was shown upon the trial to connect the Long Island Railroad Company with the transaction, nor was it shown that it was doing business as the "Long Island Express." The action was brought against the Long Island Railroad Company, the words "doing business as the Long Island Express" being merely words of description; and as it was not shown that the Long Island Railroad Company ever received the goods sued for, or that it had any connection with the Long Island Express, the defendant's motion to dismiss the complaint at the close of the case should have been granted.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.